**UNITED STATES of America, Appellee,**

v.

**David LEW, Defendant–Appellant.**

**No. 301, Docket 92–1144.**

United States Court of Appeals, Second Circuit.

Argued Oct. 22, 1992.

Decided Nov. 30, 1992.

Christine E. Yaris, New York City (Jonathan Marks, Power, Weiss & Marks, on the brief), for defendant-appellant.

Michael E. Horowitz, Asst. U.S. Atty., New York City (Otto G. Obermaier, U.S. Atty., Andrea M. Likwornik, Andrew C. McCarthy, Asst. U.S. Attys., on the brief), for appellee.

Before: OAKES, NEWMAN, and PIERCE, Circuit Judges.

JON O. NEWMAN, Circuit Judge:

David Lew appeals from the March 10, 1992, judgment of the District Court for the Southern District of New York (Kenneth Conboy, Judge), convicting him on all counts of an indictment charging conspiracy to commit bribery, in violation of 18 U.S.C. § 371 (1988), and bribery, in violation of 18 U.S.C. § 201(b)(1), (2) (1988). On appeal, Lew argues that the Government

failed to disprove his defense of entrapment beyond a reasonable doubt. He also challenges his sentence, primarily on the ground that the District Court erred in the assessment of a two-level increase for obstruction of justice pursuant to U.S.S.G. § 3C1.1. Only the obstruction of justice issue merits extended discussion. We conclude that no enhancement for obstruction of justice should have been assessed. Accordingly, we affirm Lew's conviction, vacate the sentence, and remand for resentencing.

## Background

Lew was prosecuted for an extensive series of bribes and attempted bribes of Internal Revenue Service employees. This criminal conduct began when Revenue Officer Jerry Gonzalez informed Lew of a tax delinquency involving Lew's restaurant. Gonzalez testified that Lew offered him a bribe of $3,000 to "take care of" the tax, and that he immediately reported the attempted bribery to IRS Internal Security, which suggested that he go "underground" in an attempt to secure more evidence. Recorded conversations revealed that Gonzalez later requested $8,000, and Lew ultimately paid a bribe of $5,000. Following this incident of bribery, Lew informed Gonzalez that he had various friends, mainly Chinatown restaurant owners, who had tax problems and would be interested in Gonzalez's services.

Over the next three years, Lew introduced numerous people to Gonzalez, leading to nine additional incidents of bribery. In each case, Lew suggested a name to Gonzalez, and Gonzalez verified that the person owed a tax delinquency. Lew or Gonzalez then proposed a bribe, ranging from about 15 to 30 percent of the outstanding tax liability. The total amount of bribes paid was approximately $130,000, of which Lew received $44,000. Gonzalez reported each of these incidents to his superiors, and all of his conversations with Lew were recorded. Lew was found guilty on all counts, and sentenced to 78 months' imprisonment, to be followed by two years of supervised release.

## Discussion

### 1. Entrapment

When a defendant presents evidence of entrapment by showing that the Government induced the commission of an offense, the Government must prove beyond a reasonable doubt that the defendant was predisposed to commit the offense. *Jacobson v. United States*, —— U.S. ——, ——, 112 S.Ct. 1535, 1540, 118 L.Ed.2d 174 (1992). The jury in this case was properly instructed, and found against Lew as to each count. Using a special verdict form, the jury indicated that Lew had taken the initial step in each incident of bribery and conspiracy except the first one. As to that incident, the jury found that Lew was predisposed to commit the offenses. Significant evidence supported the jury's findings. Testimony indicated that Lew responded enthusiastically to Gonzalez's overtures concerning the first incident, and that in each subsequent incident, Lew suggested the possibility of bribery and introduced the taxpayer to Gonzalez. Viewing the evidence in the light most favorable to the Government, we conclude that a rational jury could have found beyond a reasonable doubt that Lew was predisposed to commit the first set of offenses, and that he initiated each subsequent offense.

### 2. Obstruction of justice

Lew claims that the District Court erred in assessing a two-level increase for obstruction of justice. *See* U.S.S.G. § 3C1.1. The obstruction enhancement grew out of a conversation following Lew's arrest between Lew and Khee Kwok, a taxpayer involved in one of the bribery conspiracies. The conversation occurred in the chambers of a Magistrate Judge while Lew and Kwok were awaiting presentment. Lew told Kwok that he believed the Government had entrapped them, that they should not speak with the Government, and that they should cooperate. The Government contends that Lew's statements constituted an invitation to fabricate a defense. Lew claims that his intent was to warn Kwok *not* to make up a story because the Gov-

ernment could easily disprove it. Though characterizing this evidence of obstruction as a "slim reed," and the question as "close," the District Court agreed with the Government that an enhancement was warranted.

Lew argues that the District Court failed to observe application note 1 to U.S.S.G. § 3C1.1, which requires a sentencing judge, considering whether to impose an enhancement for obstruction of justice, to evaluate "alleged false testimony or statements ... in a light most favorable to the defendant." The Government responds that this application note applies only to statements alleged to be false and that Lew's statements to Kwok were obstructive even though they were not false.

■ The Government's interpretation of application note 1 assumes that the adjective "false" modifies both "testimony" and "statements." That interpretation is not implausible, and has received the support of at least one Court of Appeals. *See United States v. Capps*, 952 F.2d 1026, 1029 (8th Cir.1991), *cert. denied*, —— U.S. ——, 112 S.Ct. 2978, 119 L.Ed.2d 596 (1992). But we believe that it ignores a fundamental difference between testimony and statements. Testimony can obstruct only by being false, but statements can mislead in a variety of ways. Even truthful statements to investigators have the potential to mislead, and, of course, threats to witnesses or invitations to falsify testimony are all the more dangerous when sincere. This Court has accordingly applied the generous rule of construction, contained in application note 1, to statements that could not be characterized as false. *See United States v. Perdomo*, 927 F.2d 111, 117–18 & n. 3 (2d Cir.1991) (statement to co-defendant to conceal cocaine); *United States v. Thomas–Hamilton*, 907 F.2d 282, 285 (2d Cir.1990) (threat to drug treatment counselor); *United States v. Shoulberg*, 895 F.2d 882, 885 (2d Cir.1990) (threat to co-defendant).

■ Application note 1 is a sensible response to the reality that defendants will often make statements susceptible to various interpretations in the anxious moments following apprehension. Before such a statement is used to add a discrete increment of punishment for obstruction of justice, a sentencing judge should be satisfied that the statement is really misconduct deserving of punishment. Toward that end, the application note requires the judge to evaluate the statement "in a light most favorable to the defendant." This case illustrates the need for that rule of construction. Lew's statement to Kwok, uttered while awaiting presentment before a Magistrate Judge, was highly ambiguous. The Government interprets the statement to be an invitation to Kwok to cooperate with Lew in presenting a bogus defense. Lew insists that it is no more than the innocuous suggestion of any defendant that co-defendants, facing common charges, should say nothing to the authorities until they have had a chance to discuss their predicament. Viewed in the light most favorable to the defendant, the statement does not support an obstruction of justice enhancement.

### Conclusion

We have considered Lew's other challenges to his sentence, and find them to be without merit. We affirm the conviction, vacate the sentence, and remand for resentencing.