59 F.3d 173
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 UNITED STATES of America, Plaintiff-Appellee
v.
Keith CANNON, Defendant-Appellant.
 No. 94-3564.
 United States Court of Appeals, Seventh Circuit.
 Argued April 21, 1995.
Decided June 26, 1995.
 
 Before BAUER, CUDAHY, and MANION, Circuit Judges.
 
 ORDER
 
 1
 Defendant Keith Cannon pleaded guilty to a charged conspiracy to manufacture counterfeit securities. At sentencing, the district court applied a two-level enhancement for the obstruction of justice pursuant to U.S.S.G. Sec. 3C1.1. In doing so, the court found, based on a conversation reported by a Marshal, that Cannon had threatened his codefendant, warning him not to return to court.
 
 
 2
 The conversation in question was memorialized in a report made by Deputy United States Marshal, Elizabeth Buck. Her signed statement reported a conversation between defendant Cannon and his codefendant as follows:
 
 
 3
 On Monday April 25, 1994 I was assigned to take Keith Cannon to Magistrate Guzman's courtroom. While waiting for court to begin, I overheard a conversation between CANNON and out of custody defendant TIPPTON [sic]. The conversation went something like this:
 
 
 4
 CANNON: "You better get lost."
 
 
 5
 "You're gonna get lost."
 
 
 6
 TIPPTON: "No, I come here."
 
 
 7
 CANNON: "You're gonna get lost."
 
 
 8
 TIPPTON: "I gotta come here."
 
 
 9
 That is an approximation of the conversation that occurred. Nothing else of this nature was said. I believe this is of some significance and thought you should be aware. Thank you.
 
 
 10
 At the sentencing hearing, defense counsel agreed with the district court that if the marshal had been called, that "the marshal would probably testify that words similar to this were spoken, but that this was not the entire conversation." Tr. 12-13. Defense counsel did not, however, call the marshal. Nor do the parties' briefs presently reflect any further conversation between Cannon and his codefendant.
 
 
 11
 Cannon now suggests that the district court erred in focusing upon this conversation as the basis for a two-level obstruction-of-justice enhancement. He claims that the statement was ambiguous, and that the district court should have, but did not, construe the ambiguous statement in the light most favorable to the defendant.
 
 
 12
 We do not believe that the district court erred in giving Cannon a two-level enhancement for the obstruction of justice under U.S.S.G. Sec. 3C1.1. The court found, specifically, that telling a codefendant to "get lost" was a sufficient basis for obstruction. Tr. 16. The district court believed that this statement, in and of itself, justified the enhancement. Tr. 12-13.
 
 
 13
 We will not overturn these findings because they are not clearly erroneous. See United States v. Hassan, 927 F.2d 303, 309 (7th Cir. 1991) (obstruction of justice enhancement reviewed under clearly erroneous standard because finding that defendant obstructed justice is finding of fact). Put simply, we are not "left with the definite and firm conviction that a mistake has been made." Id. (quoting Anderson v. City of Bessemer City, 470 U.S. 564, 573 (1985)). The district court was well within reason in determining that repeated statements to "get lost" constituted threats intended to frighten away a cooperating codefendant.
 
 
 14
 Cannon argues on appeal that his statements were ambiguous, an argument that failed to persuade the district court in the first instance. Again, a finding that Cannon's statements were not ambiguous is not clearly erroneous. We agree with the district court that there was no ambiguity in Cannon's statement. In light of the absence of ambiguity, any cases which mandate viewing a defendant's statements in the light most favorable to him, see United States v. Lew, 980 F.2d 855, 857 (2d Cir. 1992), do not benefit Cannon here. Neither was there any need for the government to present further evidence.[1]
 
 
 15
 Because the district court clearly relied upon this statement, without more, to support the obstruction-of-justice enhancement, Tr. 16, Cannon's various complaints about the presentence report are irrelevant.
 
 
 16
 For these reasons, the district court is AFFIRMED.
 
 
 
 [1]
 To the extent that Cannon is complaining because the district court relied on the Marshal's memorandum instead of her sworn testimony, we note that latitude accorded the district court in the matters it relies upon for the purposes of sentencing. United States v. Robinson, 14 F.3d 1200, 1205 (7th Cir. 1994). To the extent that Cannon was aware of different aspects of the conversation between Cannon and his codefendant, sentencing provided him with adequate opportunity to bring those matters to the district court's attention. He has not, on appeal, directed our attention to matters other than the manner in which the statement was memorialized which would render it ambiguous