101 F.3d 682
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
Joseph CONTINI, Defendant-Appellant.
 No. 95-1513.
 United States Court of Appeals, Second Circuit.
 April 23, 1996.
 
 1
 Appearing for Appellant: Joshua L. Dratel, Lefcourt & Dratel, N.Y., N.Y.
 
 
 2
 Appearing for Appellee: John T. McCormick, Ass't U.S. Att'y, SDNY, N.Y., N.Y.
 
 
 3
 S.D.N.Y.
 
 
 4
 AFFIRMED.
 
 
 5
 Before KEARSE and ALTIMARI, Circuit Judges, and JOHNSON, Jr., District Judge*.
 
 
 6
 Appeal from the United States District Court for the Southern District of New York.
 
 
 7
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York, and was argued by counsel.
 
 
 8
 ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the judgment of said District Court be and it hereby is affirmed.
 
 
 9
 Defendant Joseph Contini appeals from a judgment entered in the United States District Court for the Southern District of New York following his plea of guilty before Kimba M. Wood, Judge, convicting him of mail fraud, in violation of 18 U.S.C. § 1341, and interstate transportation of goods obtained by fraud, in violation of 18 U.S.C. § 2314. Contini was sentenced principally to 33 months' imprisonment, to be followed by a three-year term of supervised release, and was ordered to pay restitution in the amount of $928,690. On appeal, he contends that the district court increased his sentence without foundation and without notice of the ground of its intent to do so. In increasing Contini's sentence, the court stated that it considered that Contini's conduct warranted, inter alia, (a) an upward departure from the imprisonment range prescribed by the federal Sentencing Guidelines ("Guidelines") or (b) an upward adjustment in offense level for obstruction of justice. For the reasons below, we conclude that the court was justified in increasing Contini's offense level for obstruction of justice, and we need not address the remaining grounds.
 
 
 10
 Application Note 3 to Guidelines § 3C1.1 provides for a two-level adjustment to a defendant's offense level for, inter alia, "committing ... perjury" or "providing materially false information to a judge." Guidelines § 3C1.1 Application Note 3(b) and (f). Such an adjustment may not properly be imposed in the absence of a finding that the obstruction or attempt to obstruct was intentional. See United States v. Thomas-Hamilton, 907 F.2d 282, 285 (2d Cir.1990). In assessing the applicability of an obstruction adjustment, the sentencing judge should "resolve in favor of the defendant those conflicts about which the judge, after weighing the evidence, has no firm conviction." United States v. Cunavelis, 969 F.2d 1419, 1423 (2d Cir.1992) (internal quotation marks omitted).
 
 
 11
 In the present case, in aid of the restitution remedy to be imposed as part of Contini's sentence, the district court asked Contini to explain what he had done with some $143,000 in investor funds that remained unaccounted for. Contini at first stated that he might have cashed "a small portion of the checks." When prodded for specifics, he stated that he had cashed between $10,000 and $50,000 worth of checks, estimating that the actual amount was somewhere in the middle of that range. When the court inquired how long it would take Contini to provide the court with an accounting of where the money went, Contini stated that he would prefer to be sentenced that same day. The court declined to sentence Contini that day and ordered further investigation. Some two months later, Contini told the court that "the maximum he could have obtained via cashing checks was $100,000." Thereafter, the government notified the court that it had located some $133,000 in checks cashed by Contini. Though Contini had previously told the court he did not remember where he cashed the checks (which generally were in the amount of approximately $1,000 or $2,000 each), the government showed that Contini had cashed approximately $70,000 worth of the checks at one credit union.
 
 
 12
 In sentencing Contini, the district court described his denials of recollection and his repeated understatements as to the amounts of cash he had received from investors' checks as a "failure to cooperate in tracing assets," and it found that, "hav[ing] observed the defendant's demeanor in court, ... it is my view that his statement that he did not remember where he had cashed any of these checks is not a failure of recollection, but rather is a lie." The court stated that Contini's statements could be "categorized as ... obstruction of justice" sufficient to warrant a two-point upward departure. We see no basis on which to second-guess the district court's assessment of Contini's credibility. The court plainly held the firm conviction that he had repeatedly been untruthful in an effort to impede the tracing of the proceeds of his frauds, and we regard the finding that Contini "lie[d]" in response to judicial inquiries that were explicitly designed to trace the proceeds of his frauds as a sufficient finding of his intent to obstruct the court's efforts.
 
 
 13
 Contini's further appellate argument that the district court failed to give him adequate notice that obstruction of justice might be the ground for an increase of his sentence provides no basis for reversal. Contini did not make this objection at the time of sentencing; any defect in the notice provided is thus to be reviewed only for plain error, see Fed.R.Crim.P. 52(b); United States v. Keppler, 2 F.3d 21, 23 (2d Cir.1993). We see no such error here. Although the court initially mentioned the possibility of a departure based on harm to the victims, it later enunciated other possible grounds, stating, inter alia, that it would consider an upward departure if it determined that Contini was hiding assets, and it set out to determine whether he was "secreting money away." In aid of that determination, the court repeatedly questioned Contini about how many checks he had cashed and where he had cashed them (receiving the disingenuous answers described above). Contini was plainly put on notice that the court would consider increasing his sentence, and although the court more often spoke in terms of a "departure" rather than an "adjustment," it plainly had directed Contini's attention to the precise conduct, i.e., Contini's cooperation vel non in tracing the funds of which he defrauded his victims, that the court would consider with respect to either sentencing option.
 
 
 14
 We have considered all of Contini's contentions on this appeal and have found in them no basis for reversal. The judgment of the district court is affirmed.
 
 
 
 *
 Honorable Sterling Johnson, Jr., of the United States District Court for the Eastern District of New York, sitting by designation