[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
1/15/99
THOMAS K. KAHN
CLERK

_____

No. 98-4017
Non-Argument Calendar

_____

D. C. Docket No. 97-14005-CR-KMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIAM ALFRED HITT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

( January 15, 1999)

Before TJOFLAT, BIRCH and BARKETT, Circuit Judges.

PER CURIAM:

Following a jury trial, William A. Hitt was convicted of forty federal offenses, all arising out of his long-running and highly successful scheme to defraud the Veterans Administration by making false claims of physical disability. He appeals both his convictions and sentences. He challenges his convictions on the ground that the district court abused its discretion in permitting prosecution witnesses to answer questions such as the following:

> If the defendant claimed that he had quit his job in March of 1979 at Ebasco because of his disability, is that correct or incorrect?
> If the defendant reported that he's unable to walk in 1985, is that true or false?
> If he claimed that he lost total use of his right hand to his disabilities, is that true or false?
> If he claimed those things to the Veterans Administration, tell the members of the jury is that true or false?
> If he claimed he was confined to a wheelchair when you knew him, is that true or is that a lie?

Hitt challenges his sentences on the ground that the district court erred in enhancing his base offense level for obstruction of justice. We affirm.

The prosecutor's questions were clearly inappropriate, in that they sought opinion testimony concerning the validity of the claims of disability Hitt made to the Veterans Administration in carrying out his scheme to defraud. In essence, the witnesses were asked to answer the very questions the jury would be called upon to answer; the questions constituted nothing more than lawyer argument – the prosecutor's summation to the jury in advance.

The problem with Hitt's challenge is twofold. First, his attorney hardly objected to the prosecutor's tact, and when he did the objection missed the mark. For example, when the prosecutor asked (witness West) the first question quoted above, the objection was "Objection. Beyond this witness's knowledge." Second, the evidence of guilt was overwhelming, and any error the court

-2-

may have committed – by not sustaining the few objections that were made or by not calling the prosecutor to the sidebar and explaining the error of his ways – was absolutely harmless. Hence, we do not disturb Hitt's convictions.

As for Hitt's sentences, we conclude that the district court properly enhanced Hitt's base offense level for obstruction of justice. See United States Sentencing Commission, Guidelines Manual, § 3C1.1, comment. (n.3(f)) (Nov. 1, 1997). The court based the enhancement on (1) the false statements (regarding his ownership of real estate) Hitt made to the magistrate judge at an indigency hearing held following his arrest to determine his eligibility for court-appointed counsel and (2) his statement to a Veterans Administration employee that he "would like to blow [investigating FBI Agent McBride's] brains out." Concerning the statements to the magistrate judge, we have rejected similar arguments – that the statements were irrelevant to the offenses alleged in the indictment and thus should not be considered as obstruction of justice, see United States v. Ruff, 79 F.3d 123, 125 (11th Cir. 1996) – and we do so again here. We also reject Hitt's argument that the court should not have considered the statement to the Veterans Administration employee because he neither intended, nor anticipated, that the statement would be communicated to McBride.

AFFIRMED.