**UNITED STATES of America,**
**Appellee,**

v.

**Shavon GUMBS, Defendant–Appellant.**

No. 06–4708–cr.

United States Court of Appeals,
Second Circuit.

July 24, 2008.

---

Lee J. Freedman, Assistant United States Attorney (Benton J. Campbell, United States Attorney for the Eastern District of New York, Emily Berger, Assistant United States Attorney, on the brief), Brooklyn, NY, for Appellee.

Steven A. Feldman (Arza Feldman, on the brief), Uniondale, NY, for Defendant–Appellant.

PRESENT: Hon. RALPH K. WINTER, Hon. CHESTER J. STRAUB and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

## SUMMARY ORDER

Defendant–Appellant Shavon Gumbs appeals from an October 6, 2006 judgment of conviction entered in the United States District Court for the Eastern District of New York (Gleeson, *J.*) after a jury trial, sentencing Gumbs principally to 135 months' imprisonment. Gumbs was convicted of the following: (1) conspiring to distribute at least 50 grams of cocaine base ("crack") in violation of 21 U.S.C. §§ 846, 841(b)(1)(A)(iii); (2) conspiring to distribute marijuana in violation of 21 U.S.C. §§ 846, 841(b)(1)(D); and (3) possessing with intent to distribute at least five grams of crack and marijuana, within 1,000 feet of a school, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(iii), 841(b)(1)(D), 860(a), and 18 U.S.C. § 2. On appeal, Gumbs challenges the District Court's imposition of enhancements for obstruction of justice and for possessing a gun, and he argues that his sentence is unreasonable. We assume the parties' familiarity with the remaining factual background and procedural history of this case, as well as the issues Gumbs raises on appeal.

The first challenge that Gumbs raises to his sentence involves the enhancement for obstruction of justice under section 3C1.1 of the Sentencing Guidelines—specifically, Gumbs's lying to the District Court about his citizenship and immigration status in order to obtain his release on bail. In his brief, Gumbs concedes that, shortly after his arrest, he falsely informed a Magistrate Judge, via a report prepared by Pre–Trial Services, that he was born in Brooklyn, New York

and was therefore an American citizen. In fact, Gumbs had been born in Antigua, West Indies, and had no legal status in the United States. However, as before the District Court, Gumbs contends that his providing such false information merely for the purpose of obtaining bail may not, as a matter of law, constitute obstruction of justice for the purpose of enhancing a sentence under section 3C1.1. In *United States v. Mafanya*, 24 F.3d 412 (2d Cir. 1994), we affirmed a district court's determination that a defendant's provision of false information to a magistrate judge in order to obtain bail warrants an enhancement under section 3C1.1 for obstruction of justice. *Id.* at 414-15. In his brief, Gumbs does not argue that his circumstances differ, in any meaningful way, from those in *Mafanya*.

Instead, Gumbs argues that the circumstances surrounding his fabrications to Pre-trial Services were sufficiently similar to those at issue in *United States v. Khimchiachvili*, 372 F.3d 75 (2d Cir.2004), to warrant our reversal of the District Court's imposition of this enhancement. In *Khimchiachvili*, the defendant submitted a false affidavit regarding his finances in order to obtain court-appointed counsel. *Id.* at 76-77. We held that the facts known about the defendant's fabrication did not "reveal the required obstructive intent" because the only motivation to explain the defendant's conduct was his desire not to pay for a lawyer. *Id.* at 80 ("He was not seeking to prevent justice or even delay it."). Such a motivation could not be held, as a matter of law, to satisfy the intent requirement of section 3C1.1 because the district court's mere appointment of counsel—as opposed to the defendant obtaining counsel on his own—does not "interfere[ ] with ... the disposition of the criminal charges against a defendant." *Id.* (noting, however, that "[i]n other circumstances, a court could find that [such

conduct] was made with the willful intent to obstruct justice"). "For a defendant's conduct to qualify as obstruction of justice, it must have the 'potential to impede' the investigation, prosecution, or sentencing of the defendant." *Id.* (quoting *United States v. McKay*, 183 F.3d 89, 95 (2d Cir. 1999)). As *Mafanya* implicitly recognized, a defendant's falsely obtaining bail always has the potential to impede the prosecution of the offense charged due to the inherent risk that a defendant on bail may not appear in court as scheduled. *See Mafanya*, 24 F.3d at 415 (rejecting defendant's argument that "his lies did not 'significantly' obstruct or impede the government's 'investigation or prosecution' of the offense ... because the government never believed him, and because the government would have obtained the correct information—as it did—through a routine investigation that was not made any more difficult by the false statements"). In sum, the District Court did not err in enhancing Gumbs's sentence for obstruction of justice.

Gumbs's second challenge is that the District Court erred in enhancing his sentence under section 2D1.1(b)(1) of the Sentencing Guidelines based upon its finding that he possessed a gun at the time of his arrest. We review the District Court's imposition of such an enhancement for clear error. *See United States v. Stevens*, 985 F.2d 1175, 1188 (2d Cir.1993). On appeal, Gumbs contends that it was "clearly improbable" that the gun at issue was related to the offenses of which he was convicted, despite the fact that the arresting officers discovered drugs inside and a gun underneath the bed in which Gumbs was lying at the time of his arrest. In support, Gumbs draws our attention to the fact that the jury acquitted him of the gun possession charge. However, such an acquittal is of no moment in the context of a

gun possession sentencing enhancement because the District Court need only find that the defendant possessed the gun by a preponderance of the evidence—not, like the jury, beyond a reasonable doubt. *See United States v. Watts,* 519 U.S. 148, 157, 117 S.Ct. 633, 136 L.Ed.2d 554 (1997) (per curiam) ("[A] jury's verdict of acquittal does not prevent the sentencing court from considering conduct underlying the acquitted charge, so long as that conduct has been proved by a preponderance of the evidence."). Upon reviewing the evidence presented to the District Court, we cannot conclude that the District Court committed clear error in concluding that Gumbs constructively possessed the gun, given the circumstances surrounding his arrest. *Cf. United States v. Pellegrini,* 929 F.2d 55, 56 (2d Cir.1991) ("Here, it is undisputed that a weapon was present at the place the drugs were being stored. Because storing drugs is 'relevant' to the offense for which Pellegrini was convicted, an upward adjustment based on the gun's presence was appropriate."). As a result, Gumbs' challenge to his sentence on this ground fails.

■ Gumbs argues that his sentence was unreasonable. On appeal, Gumbs contends that his sentence of 135 months' imprisonment reflects an unwarranted sentencing disparity in violation of 18 U.S.C. § 3553(a)(6) because his co-defendants received less severe sentences for more egregious conduct.[1] At sentencing, the District Court recognized the importance of § 3553(a)(6) and explicitly considered how Gumbs's conduct compared to those of his co-defendants. As a result, the District Court committed no procedural error with regard to § 3553(a)(6). *See United*

*States v. Florez,* 447 F.3d 145, 157 (2d Cir.), *cert. denied,* —— U.S. ——, 127 S.Ct. 600, 166 L.Ed.2d 445 (2006). To the extent that Gumbs argues that his sentence was substantively unreasonable based on the District Court's alleged failure to properly accord weight to the similarities and differences among Gumbs and his co-defendants, we reject such an argument. In advancing this argument, Gumbs fails to account for the following facts contained in his Pre–Sentence Report: (1) his criminal history (consisting of five convictions); (2) the two sentencing enhancements discussed above; (3) the fact that he committed the instant offense within two years of his release from prison; and (4) the fact that he committed an additional offense (stealing an attorney's watch) while this case was pending. At Gumbs's sentencing, the government emphasized several of these facts in arguing that Gumbs would not be subject to an unwarranted sentencing disparity. We cannot conclude that the District Court erred in any respect identified by Gumbs in this appeal.

We nonetheless remand the case to the District Court for resentencing only with regard to Gumbs's convictions for conspiring with intent to distribute and possessing with intent to distribute crack cocaine. It is now clear that district courts have authority to consider the disparity between the Guidelines' treatment of crack and powder cocaine offenses. *See Kimbrough v. United States,* —— U.S. ——, 128 S.Ct. 558, 575, 169 L.Ed.2d 481 (2007); *United States v. Regalado,* 518 F.3d 143 (2d Cir. 2008). Gumbs made no argument below regarding the District Court's discretion to deviate from the Guidelines sentencing ranges for crack cocaine offenses. Be-

---

1. On this point, Gumbs asks us to consider the fact that he will be deported at the end of his sentence. However, we have stated that it is "improper for the district court to factor deportation in as an 'additional punish-

ment.'" *United States v. Wills,* 476 F.3d 103, 107 (2d Cir.2007). The District Court did not err in failing to account for Gumbs's future deportation when calculating his sentence.

cause "[w]e cannot know whether the district court would have imposed a non-Guidelines sentence had it been aware (or fully aware) of its discretion to deviate from the crack cocaine ranges" or whether the "likely procedural error ... affected substantial rights and affected the fairness, integrity or public reputation of judicial proceedings," remand is necessary. *Regalado,* 518 F.3d at 150.

Finally, Gumbs has submitted, albeit not through his counsel, a motion to file a supplemental, *pro se* brief. We have reviewed the grounds that Gumbs sought to address in such a brief, and we conclude that these grounds are meritless. As a result, Gumbs's motion to file a supplemental, *pro se* brief is DENIED.

For the reasons explained above, we AFFIRM the judgment of the District Court and REMAND the sentence to the District Court for further proceedings consistent with *Kimbrough,* 128 S.Ct. at 558, and this Court's recent decision in *Regalado,* 518 F.3d at 143. Any appeal taken from the District Court's decision on remand can be initiated only by filing a new notice of appeal. *See* Fed. R.App. P. 3, 4(b).