12-1576-cr
United States v. Butters

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of March, two thousand thirteen.

PRESENT:  GERARD E. LYNCH,
                    RAYMOND J. LOHIER, JR.,
                    SUSAN L. CARNEY,
                                        *Circuit Judges*,

_____

UNITED STATES OF AMERICA,

                                        *Appellee*,

                    v.                                                    No. 12-1576-cr

TREVLON BUTTERS,

                                        *Defendant- Appellant*.

_____

FOR APPELLANT:          DARRELL B. FIELDS, Federal Defenders of New York,
                                        Inc., New York, N.Y.

FOR APPELLEE:            LAN NGUYEN, Assistant United States Attorney, *for* Loretta
                                        E. Lynch, United States Attorney for the Eastern District of
                                        New York, Brooklyn, N.Y.

Appeal from the United States District Court for the Eastern District of New York

(Sandra L. Townes, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the case is REMANDED to the district court for resentencing.

Defendant-appellant Trevlon Butters appeals from the judgment of the district court, entered April 19, 2012, convicting him upon his guilty plea of a single count of possession of a firearm by a felon in violation of 21 U.S.C. §§ 922(g)(1) and 924(a)(2), and sentencing him principally to 70 months' imprisonment. We assume the parties' familiarity with the facts and procedural history of this case, as well as with the issues on appeal.

Butters appeals his sentence on procedural grounds, arguing that the district court erroneously applied a two-level upward adjustment for obstruction of justice due to Butters's misrepresentation that he was a United States citizen during interviews with pretrial services and probation officers. Butters argues that (1) his lie did not relate in some manner to the underlying offense or related conduct, as required by U.S.S.G. § 3C1.1(2); (2) the district court did not make the necessary finding that Butters had the specific intent to obstruct justice; and (3) the record would not support such a finding of specific intent.

A district court's findings of fact regarding obstruction of justice are reviewed for clear error, and its ruling that the established facts constitute obstruction of justice is reviewed de novo, "giving due deference to the district court's application of the guidelines to the facts." United States v. Bliss, 430 F.3d 640, 647 (2d Cir. 2005) (internal quotation marks omitted). Section 3C1.1(2) of the Sentencing Guidelines requires that a defendant's lies "relate in some manner to the underlying offense or related conduct" to qualify for an obstruction of justice enhancement. United States v. Khimchiachvili, 372 F.3d 75, 78 (2d

Cir. 2004), vacated on other grounds sub nom. Berwick v. United States, 544 U.S. 917 (2005). A misrepresentation that a defendant is a United States citizen easily falls within this category: citizenship is an important factor when considering bail, United States v. Mercedes, 254 F.3d 433, 438 (2d Cir. 2001), and falsely obtaining bail has the "potential to impede the investigation" or prosecution of a case, Khimchiachvili, 372 F.3d at 80 (internal quotation marks omitted).

The obstruction of justice enhancement applies, however, only where a defendant "consciously act[s] with the *purpose* of obstruction of justice." United States v. Peterson, 385 F.3d 127, 139 (2d Cir. 2004) (internal quotation marks omitted). "In order to impose a § 3C1.1 obstruction-of-justice enhancement on a defendant who has raised an issue as to his state of mind concerning the conduct alleged to have obstructed or impeded the administration of justice, the court must make a *specific finding* of intent." United States v. Bradbury, 189 F.3d 200, 204 (2d Cir. 1999) (emphasis added) (internal quotation marks omitted); see also Khimchiachvili, 372 F.3d at 78 ("To enhance a sentence for obstruction of justice, the court must find that the defendant's statements unambiguously demonstrate an intent to obstruct.") (internal quotation marks omitted). "We have repeatedly held that an enhancement under § 3C1.1 is appropriate only if the district court makes a finding that the defendant had the specific intent to obstruct justice, i.e., that the defendant consciously acted with the purpose of obstructing justice." United States v. Brown, 321 F.3d 347, 351 (2d Cir. 2003) (internal quotation marks omitted). Moreover, it is not enough that the defendant intended to obstruct the course of justice in *some* judicial or administrative proceeding.

3

Rather, he must intend to obstruct justice "with respect to the investigation, prosecution, or sentencing of the instant offense of conviction." U.S.S.G. § 3C1.1(1).

The district court here did not make the necessary finding of intent. The closest it came was during the sentencing proceeding, when the following colloquy occurred between the district court and defense counsel:

> Defense: We have submitted previously to Your Honor in an oral argument and I believe from our papers it's clear that our position was that the statements would be – are just as likely to be made in an effort to affect a collateral proceeding; that is, an Immigration proceeding. While that might be something that affects where within a sentencing range a sentence should fall, a determination that a defendant has made a statement in order to avoid deportation, that is not something that is considered obstructive behavior. And so, if that is the motivation, then I would also say that it shouldn't be something that affects whether the defendant accepts responsibility.
> Court: That hasn't been argued, has it?
> Defense: It has been argued, Your Honor; that we've made clear, I think even from our initial submission, that the statements were just as likely to be designed to affect a collateral proceeding and that [] is not obstructive.
> Court: But couldn't it affect both?
> Defense: It could. But the Second Circuit in [United States v. Reed, 49 F.3d 895 (2d Cir. 1995)] said that the Court has to look at what the subjective intent or what the intent was of the defendant; whether his intent was to obstruct some aspect of this Court case as opposed to Immigration.
> Court: I do believe that statements made to the Pre-Trial Services Officer who is preparing a report for the Court to determine the defendant's release status.
> Defense: I understand . . . .

The statement by the district court, "I do believe that statements made to the Pre-Trial Services Officer who is preparing a report for the Court to determine the defendant's release

4

status," does not qualify as a specific finding of intent. While we do not require district courts to use "magic words" at sentencing, where a defendant objects to a proposed obstruction enhancement, "the district court [is] required to make specific, clear, and reviewable findings as to whether [the defendant] intended to obstruct justice." Bradbury, 189 F.3d at 204. We therefore remand the case to the district court for resentencing. See id. at 205.

Butters argues that the record could not support a finding of intent. He contends that a reasonable fact-finder would conclude that he lied about his citizenship status not to affect his bail status, but to avoid being reported to the immigration authorities. A reasonable fact-finder might well reach this conclusion, but would not be required to do so. As the district court noted, a defendant's citizenship status is material to bail, and a reasonable fact-finder could infer that Butters's lie about this matter, during an interview for purposes of formulating a recommendation with respect to release conditions, was intended at least in part to influence that recommendation. Moreover, the record contains evidence that Butters lied not only about his citizenship but also about his personal history and family members' names and whereabouts, and that those matters materially affected the investigation of the defendant for sentencing purposes. On remand, the district court should make a specific finding as to whether any of Butters's statements to pre-trial services and/or probation officers was false, and if so, whether any such statement was made with intent to obstruct justice "with respect to the investigation, prosecution, or sentencing" of this criminal case.

For the foregoing reasons, the the case is REMANDED to the district court for resentencing.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court
