**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**John RUFF, Jr., III, Defendant–
Appellant.**

**No. 93–5332
Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

March 29, 1996.

Philip R. Horowitz, Law Office of Philip R. Horowitz, Miami, FL, for Appellant.

Kendall Coffey, U.S. Attorney, Miami, FL, Linda Collins Hertz, Harriett R. Galvin, Susan H. Ponzoli, Nancy Vorpe Quinlan, Asst. U.S. Attys., West Palm Beach, FL, for Appellee.

Before KRAVITCH, ANDERSON and BIRCH, Circuit Judges.

PER CURIAM:

John Ruff appeals his sentence on the ground that the district court erred in enhancing his sentence for obstruction of justice. The district court had increased Ruff's sentence because he had deliberately lied to a magistrate judge about his financial assets at a pretrial hearing. We affirm.

## I.

Ruff was arrested by agents of the Drug Enforcement Administration ("DEA"), and a grand jury returned a four count superseding indictment charging him with the following: 1) conspiracy to possess and distribute cocaine hydrochloride with intent to manufacture cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846; 2) possession of cocaine hydrochloride with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; 3) knowing use of a firearm in commission of a drug trafficking

crime, in violation of 18 U.S.C. § 924(c); and 4) illegal possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

Ruff initially appeared before Magistrate Barry S. Seltzer on April 15, 1993 to request a court appointed attorney. Prior to questioning Ruff about his financial situation, the magistrate cautioned Ruff that his statements were given under oath and subject to the penalties of perjury. In response to the magistrate's questions, Ruff specifically stated that he had no bank accounts or safe deposit boxes.[1] The magistrate found Ruff to be indigent and appointed an assistant federal defender to represent him. At Ruff's request, the detention hearing was deferred until April 19, 1993, and Ruff secured private counsel prior to that hearing.

Shortly after Ruff's initial appearance, Nicolas Kent, the DEA case agent, investigated a key which was found in Ruff's wallet upon arrest. Three keys also were found in the wallet of Ruff's father, who was arrested at the same time as Ruff, and one of them matched Ruff's key. Kent tracked the three keys to one safety deposit box at First Union Bank and two boxes at Barnett Bank. Ruff and his father had co-leased each of the three boxes, and bank visitation records indicated that both Ruff and his father had visited each of the boxes. The First Union safety deposit box contained $25,000 in cash. One of the Barnett Bank boxes held $12,015 and an envelope containing 2.5 grams of crack cocaine; the second box contained $660. Visitation records also showed that Ruff had been the last person to enter both of the Barnett boxes.

After lengthy negotiations, Ruff entered into a plea agreement with the government in which he pleaded guilty to counts two and three of the indictment in exchange for the dismissal of counts one and four. A presentence investigation report was prepared, and Ruff objected to the recommended two level enhancement for obstruction of justice for lying about his financial assets to a magis-

1. The transcript from the hearing, in relevant part, reads:

THE COURT: Do you have any bank accounts, checking or savings?

DEFENDANT RUFF, JR: No, sir.
THE COURT: Do you have a safe deposit box?
DEFENDANT RUFF, JR: No, sir.
Transcript of Initial Hearing at 7.

trate judge. At the sentencing hearing, the district court overruled the objection based on its finding that Ruff made a "deliberate false statement." The court also dismissed Ruff's claim that he did not know that he owned the account because the bank records clearly established that his name was on the papers when the box was opened and that he used the box frequently. His frequent use of the boxes also indicated that he knew the contents. Ruff filed a timely appeal in this court solely contesting the enhancement of his sentence for obstruction of justice.

## II.

■ The district court is required to make specific findings of fact when enhancing a sentence based on obstruction of justice. *United States v. Alpert*, 28 F.3d 1104, 1106 (11th Cir.1994). This court reviews those findings of facts for clear error. The district court's application of the sentencing guidelines to the facts, however, is subject to de novo review. *United States v. Bagwell*, 30 F.3d 1454 (11th Cir.1994).

Section 3C1.1 of the Sentencing Guidelines provides that a defendant's offense level can be increased by two levels "[i]f the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense." According to the commentary to § 3C1.1, such conduct includes "providing materially false information to a judge or magistrate." U.S.S.G. § 3C1.1, comment. (n. 3(f)). The commentary further defines a material statement as one "that, if believed, would tend to influence or affect the issue under determination." *Id.* at (n. 5).

Ruff does not dispute the district court's finding that he provided false information to a magistrate judge, but instead contends that the misrepresentation was not material. First, he notes that it did not take place at trial or during a critical pretrial hearing such as a motion to suppress. Second, he argues that the public defender service did not perform any legal services on his behalf because

he hired private counsel shortly after the public defender was appointed to assist him. Finally, Ruff suggests that his statement did not impede the investigation because Agent Kent had the safe deposit keys in his possession at the time of Ruff's statement and was able to find the cash and drugs.

■ We are unpersuaded by any of these arguments. We have found no authority, and Ruff does not cite any, limiting the materiality inquiry to particular proceedings. The guideline simply states that the defendant must have obstructed or attempted to impede justice during the investigation, prosecution or sentencing of the instant offense. U.S.S.G. § 3C1.1. The pretrial hearing in this case took place in the midst of the investigation into Ruff's crimes.[2] The subject matter of the hearing, Ruff's legal representation, involved the potential prosecution of the crime. This is sufficient to meet the requirements of the guideline.

■ Ruff also contends that his subsequent dismissal of the public defender and the agent's discovery of the safety deposit boxes render the statements immaterial because no public expense was incurred and the investigation was not impeded. Ruff's arguments, however, indicate a fundamental misunderstanding of the commentary to § 3C1.1, which distinguishes between false statements made to members of the judiciary and those made to law enforcement officers. When a judge or magistrate is involved, application note 3(f) merely requires that the defendant "provided a materially false statement." In contrast, when a defendant has made false statements to a law enforcement officer, application note 3(g) provides that the statement not only must be material, but also must have "significantly obstructed or impeded the official investigation or prosecution of the instant offense." This distinction "underscores the importance of the identity of the person to whom the false statement is provided." *United States v. Mafanya*, 24 F.3d

---

**2.** After the hearing, Agent Kent continued his investigation based on the keys found in the wallets of Ruff and his father. Thus, the state-

ment took place during the investigation of the crime.

412, 415 (2nd Cir.1994).[3]

In the instant case, Ruff deliberately provided false statements to a magistrate judge, not a law enforcement officer. Accordingly, the statement's effect on the investigation or prosecution is irrelevant, and the sole question before us is whether his statement was material. As previously noted, the commentary defines a material statement as one that, "if believed, would tend to influence or affect the issue under determination." U.S.S.G. § 3C1.1 comment. (n. 5). Ruff's statements were material because they led to the appointment of counsel, which was the issue under consideration at the hearing.

### III.

Ruff perjured himself to a magistrate judge. His deliberate misrepresentations of the truth were material. Accordingly, the district court did not err in enhancing Ruff's sentence in accordance with U.S.S.G. § 3C1.1.

We AFFIRM.

---

**3.** In *Mafanya,* the Second Circuit affirmed the sentencing enhancement for providing false identity to a magistrate even though the truth was discovered before the detention hearing and the investigation was not impeded; *Id. see also United States v. Craig St. James,* 38 F.3d 987, 988 (8th Cir.1994) (holding that under the commentary application notes, the enhancement for obstructing justice by lying to a magistrate applies regardless of whether the investigation is significantly hindered); *United States v. McDonald,* 964 F.2d 390, 392–93 (5th Cir.1992) (stating that "application note 3(f) provides that the use of a false name before a judge or magistrate merits enhancement even without a showing of significant hindrance").