UNITED STATES of America,
Plaintiff–Appellee,

v.

Juan HERNANDEZ–RAMIREZ, aka
Juan M. Hernandez, Defendant–
Appellant.

No. 99–50354.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 6, 2001

Filed June 20, 2001

Maria E. Stratton, Federal Public Defender, and Richard D. Burda, Deputy Federal Public Defender, Los Angeles, California, for the defendant-appellant.

Jean A. Kawahara, Assistant United States Attorney, Santa Ana, California, for the plaintiff-appellee.

Before: D.W. NELSON, FERNANDEZ, and RYMER, Circuit Judges.

RYMER, Circuit Judge:

■ Although we have previously upheld application of a two-level adjustment for obstruction of justice under USSG § 3C1.1 (Nov. 1998) for providing false information to a probation officer, we have never considered whether submission of a false financial affidavit to a magistrate judge for the purpose of obtaining appointed counsel is sufficiently related to the offense of conviction to support the adjustment.[1] This appeal requires us to do so. We hold that it is.

Juan Hernandez–Ramirez challenges his sentence on this and other grounds, none of which requires reversal. We therefore affirm.

I

Hernandez, a tax preparer in Huntington Beach, California, was charged in a 16-count indictment with one count of corruptly impeding and obstructing the administration of tax laws in violation of 26 U.S.C. § 7212(a); twelve counts of willfully assisting the preparation of false tax returns in violation of 26 U.S.C. § 7206(2); and three counts of passing forged treasury checks, in violation of 18 U.S.C. § 510(a)(2). He pled guilty to counts 1, 2, 7, 13, and 16.

Hernandez told the probation office that among his assets was the "Time Out Sports Bar and Grill" in Hemet, California, which he had purchased in July 1997 for $85,000 with a down payment of $45,000 and a $40,000 note. He also said that he had placed ownership of the bar in the name of a nominee (one of his tax clients) to facilitate obtaining a liquor license, and that he earned about $1,300 per month from the bar. Hernandez reported that the bar closed down the day after his arrest.

However, when Hernandez made his initial appearance in federal court June 29, 1998, he executed a "Financial Affidavit in Support of Request for Attorney, Expert or Other Court Services Without Payment of Fee." Under the "Obligations and Debts" portions of the affidavit, Hernandez listed a $35,000 "business debt" with a monthly payment of $670. His signature certified that the information in the affidavit was correct.[2] The affidavit was submitted to Magistrate Judge Nakazato, who found Hernandez eligible for appointed counsel.

In its sentencing memorandum, the government took the position that Hernandez's failure to disclose his ownership interest in the Time Out Sports Bar in the Financial Affidavit constituted obstruction

---

1. After counsel filed a motion to withdraw pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), we permitted Hernandez–Ramirez to file a pro se supplemental opening brief and denied counsel's motion to withdraw. We directed the parties to brief the issue of whether the allegedly obstructive conduct—submission of the false affidavit to a magistrate judge—was "re-

lated" to the offense of conviction as required by a 1998 amendment to USSG § 3C1.1. They did, and we have considered all the briefs filed in this case.

2. The form warns that: "A false or dishonest answer to a question in this affidavit may be punishable by fine or imprisonment, or both."

of justice warranting a two-level adjustment under USSG § 3C1.1. Hernandez objected on the footing that he was not the registered owner of the bar, and believed that he had "effectively lost" his interest in it because he was behind in his payments on the note. He also argued that the omission was neither material nor intentional. The district court overruled Hernandez's objections, and found that it was improbable that he did not understand that the purpose of the affidavit was to ascertain his financial status. Accordingly, it applied the two-level adjustment in sentencing Hernandez to 57 months imprisonment, three years supervised release, and restitution in the amount of $3,260.

Hernandez timely appeals.

## II

An adjustment for obstruction of justice is appropriate

> If (A) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the course of the investigation, prosecution, or sentencing of the instant offense of conviction, and (B) the obstructive conduct related to (i) the defendant's offense of conviction and any relevant conduct; or (ii) a closely related offense....

USSG § 3C1.1. This section was amended November 1, 1998 to add Part (B).[3] The Commentary indicates that "[o]bstructive conduct can vary widely in nature, degree of planning, and seriousness. Application Note 4 sets forth examples of the types of conduct to which this adjustment is intended to apply." USSG § 3C1.1, comment. (n.3). Application Note 4(f), in turn, indicates that the adjustment applies to "pro-

viding materially false information to a judge or magistrate." *Id.*, comment. (n.4(f)).

■ Hernandez contends that his conduct was not willful or material, and that the district court did not find that it was. This is incorrect. The district court specifically noted that Hernandez objected to the adjustment on the ground that his omission was neither intentional nor material to the determination of eligibility for court-appointed counsel, and that had he included his interest in the bar, he would nevertheless have been qualified. The court overruled Hernandez's objection. Further, the court found it improbable that Hernandez did not know the purpose of the Financial Affidavit. We cannot say these findings are clearly erroneous. Hernandez points out that "not all inaccurate testimony or statements necessarily reflect a willful attempt to obstruct justice" and "may result from confusion, mistake, or faulty memory," USSG § 3C1.1, comment. (n.2). While true, Hernandez was a professional tax preparer, familiar with the concept of assets and liabilities. He reported that he had a business debt of $35,000, but reported no offsetting equity. However, at the time, he had equity of $45,000. If, as Hernandez contends, he did not believe that he owned the bar because he was not its nominal owner, or because he was unable to make payments on the note and assumed he would lose his interest, then he would have no debt. Either way, the affidavit was willfully false.

■ Hernandez also contends that the omission cannot be material because he would still have been eligible for appointed counsel even if the true facts had been disclosed. This position runs counter to a long line of cases in which we have held

---

**3.** Before the 1998 amendment, § 3C1.1 provided for increasing the offense level by two levels "[i]f the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense."

that false representations to probation officers are material whether or not they result in an actual obstruction. *See, e.g., United States v. Verdin,* 243 F.3d 1174, 1180 (9th Cir.2001) (providing false identity to probation officer); *United States v. Barnes,* 125 F.3d 1287, 1293 (9th Cir.1997) (failing to inform probation officer about a fourth marriage); *United States v. Magana–Guerrero,* 80 F.3d 398, 401 (9th Cir. 1996) (lying to pretrial services officer); *United States v. Baker,* 894 F.2d 1083, 1084 (9th Cir.1990) (misstating number of prior convictions to probation officer). In this sense, as we explained in *Magana–Guerrero,* lack of candor to judicial officers is treated differently from lack of candor to law enforcement officers. *Magana–Guerrero,* 80 F.3d at 401 (contrasting what is now Application Note 4, listing examples of conduct to which the adjustment applies, with Note 5, listing conduct to which the adjustment ordinarily does not apply). In addition, Application Note 6 indicates that " '[m]aterial' evidence, fact, statement, or information, as used in this section, means evidence, fact, statement, or information that, if believed, would tend to influence or affect the issue under determination." USSG § 3C1.1, comment. (n.6). Without doubt, Hernandez's providing information that he had significant debt and essentially no assets "would tend to influence or affect" whether the magistrate judge found him qualified for appointed counsel. Thus, the information was material, whether or not it actually affected the judge's decision.

Finally, Hernandez maintains that the adjustment could not have been applied because there is no relationship between the underlying offenses—violating the United States Tax Code—and the conduct supporting the adjustment—omitting material information on a financial affidavit submitted to a magistrate judge. However, nothing about the amendment to § 3C1.1 suggests that it was intended to add a requirement that the obstructive conduct relate substantively to the offense of which the defendant is convicted. As we have previously recognized, the amendment was intended to clarify what "instant offense" in the original version of the guideline meant. *See Verdin,* 243 F.3d at 1180. Its purpose was to resolve a then-existing circuit split, and to expand the types of obstructive conduct warranting an adjustment to include obstructions in closely related cases. *Id.; see* USSG App. C. (Supp. Amendment No. 581 (1998)). The examples set forth in the commentary remain the same as before the amendment, including the type of conduct set out in Application Note 4. As discussed, in light of this commentary, we have often held that providing false information to probation officers suffices. Just as that conduct relates to sentencing of the offense, providing a false financial affidavit to a magistrate judge to obtain legal representation relates to prosecution of the offense.[4] Therefore, the district court did not err by enhancing Hernandez's sentence for having obstructed justice.

### III

■ Hernandez's pro se arguments also fail. First, he contends that the district court erred in increasing his criminal history score by two points under USSG § 4A1.1(d) for committing the underlying

---

4. *See United States v. Hitt,* 164 F.3d 1370, 1371 (11th Cir.1999) (rejecting argument that false statements regarding ownership of real estate made to magistrate judge at indigency hearing to determine eligibility for court-appointed counsel were irrelevant to the offenses and upholding obstruction of justice adjustment); *United States v. Ruff,* 79 F.3d 123, 125 (11th Cir.1996) (adjustment upheld for lying to magistrate judge about financial assets at pretrial hearing as legal representation involved the potential prosecution of the crime.)

offense while on probation. However, this argument is waived because Hernandez did not challenge his criminal history score calculation in district court. *See United States v. Flores*, 172 F.3d 695, 701 (9th Cir.1999) (citing *United States v. Visman*, 919 F.2d 1390, 1394 (9th Cir.1990)) (" '[B]ecause he agreed to the adjustment and failed to present the issue in the district court,' " defendant waived his right to challenge the adjustment). Regardless, Hernandez was on probation on April 15, 1993, when relevant conduct began. *See* USSG § 4A1.1(d), comment (n.4).

Second, he suggests that the district court should not have considered all of his relevant conduct in imposing a vulnerable victim adjustment under USSG § 3A1.1. But the district court did not impose a vulnerable victim adjustment, so there is no possible error.

AFFIRMED.