**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Michelle MUNOZ, aka Michelle Pamela Munoz, Defendant— Appellant.**

**No. 02–50637.**

United States Court of Appeals, Ninth Circuit.

Submitted June 7, 2004.*

Decided June 14, 2004.

---

\* This panel unanimously finds this case suitable for decision without oral argument.

Fed. R.App. P. 34(a)(2).

Ronald L. Cheng, Esq., Rupa Goswami, Esq., Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Alissa Sawano Peterson, Irvine, CA, for Defendant–Appellant.

Before D.W. NELSON, GIBSON,\*\* and GRABER, Circuit Judges.

\*\* The Honorable John R. Gibson, Senior Circuit Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation.

MEMORANDUM \*\*\*

Defendant Michelle Munoz appeals the sentence imposed following her guilty plea to a violation of 18 U.S.C. §§ 1029(a)(2) and 2(a).

■ 1. The district court did not clearly err in imposing a two-level enhancement for obstruction of justice under U.S.S.G. § 3C1.1. *See United States v. Jimenez,* 300 F.3d 1166, 1170 (9th Cir.2002) (stating standard of review). The court made the requisite findings that Defendant willfully made a false statement that was material to the investigation or prosecution of the offense. *Id.* at 1170. Specifically, it found that, in a sworn affidavit submitted in connection with a motion to suppress, she committed perjury pertaining to alleged threats made to her by an investigating officer. *See United States v. Tidwell,* 191 F.3d 976, 982 (9th Cir.1999) (upholding enhancement for obstruction of justice where the defendant submitted a misleading affidavit); *United States v. Sherwood,* 98 F.3d 402, 415 (9th Cir.1996) (upholding enhancement for obstruction of justice where perjury occurred in connection with a suppression hearing).

■ 2. The district court did not clearly err in denying a requested three-level downward adjustment under U.S.S.G. § 3E1.1 for acceptance of responsibility. *See United States v. Bazuaye,* 240 F.3d 861, 863 (9th Cir.2001) (stating standard of review). Defendant denied responsibility for her criminal conduct notwithstanding her guilty plea. *See* U.S.S.G. § 3E1.1, cmt. n. 3 (noting that a plea of guilty does not entitle a defendant to this adjustment as a matter of right, without truthful admission of the criminal conduct involved).

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

Accordingly, this is not an "extraordinary" case, *id.* cmt. n. 4, in which adjustments under both § 3C1.1 and § 3E1.1 apply.

■ 3. The district court did not plainly err in failing to find sua sponte that the government breached the plea agreement. The government agreed to recommend an adjustment for acceptance of responsibility, but only if Defendant demonstrated an acceptance of responsibility. As noted, the district court permissibly found that she had not done so and, therefore, a condition of the agreement was not met.

4. The district court did not plainly err in including $13,500 of interest and consequential losses as part of the amount of loss under U.S.S.G. § 2F1.1 (2000) and as part of the restitution required under 18 U.S.C. § 3663A(a)(2). With respect to the amount of loss, exclusion of the $13,500 would not change the sentencing calculation, so we need not decide whether the court erred. With respect to restitution, Defendant failed to raise this issue below and therefore failed to develop a factual record that would permit meaningful review; accordingly, we decline to reach the merits of the claim. *See United States v. Hernandez–Ramirez,* 254 F.3d 841, 845 (9th Cir.2001) (holding that a defendant waived a sentencing issue by failing to object in district court); *United States v. Bauer,* 84 F.3d 1549, 1563 (9th Cir.1996) (declining to consider challenge to amount of drugs attributable to the defendant when he failed to dispute the amount in district court).

AFFIRMED.