**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Todd Allen FELDMAN, Defendant—
Appellant.**

Nos. 04–50163, 04–50553.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 15, 2005.

Decided Oct. 3, 2005.

**522**

Brent A. Whittlesey, Esq., United States Attorneys Office Civil Division, Los Angeles, CA, for Plaintiff–Appellee.

USLA–Office of the U.S. Attorney Criminal Division, Bryan Altman, Esq., Los Angeles, CA, for Defendant–Appellant.

Before: FARRIS, THOMPSON, and BYBEE, Circuit Judges.

## MEMORANDUM *

Appellant Feldman was convicted of mail fraud. He now appeals the district court's denial of his motion to modify the conditions of his supervised release to permit him to return to Spain. The facts are known to the parties and are not recounted here.

■ Feldman is not entitled to a remand for resentencing under *United States v. Booker,* —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and *United States v. Ameline,* 409 F.3d 1073 (9th Cir. 2005) (en banc). All of the facts that the district court considered in sentencing Feldman were admitted by him in his plea agreement; therefore, there were no judge-found facts and *Booker* does not apply. On appeal, Feldman only challenges the imposition, duration, and conditions of his supervised release. These were all discretionary determinations by the district court, which was clear in stating that it felt it had chosen the appropriate punishment. Therefore, there is no "reasonable probability that [Feldman] would have received a different sentence had the district judge known that the sentencing guidelines were advisory," and Feldman is not entitled to a remand for resentencing. *Ameline,* 409 F.3d at 1078.

Feldman also raises arguments under the Bilateral Treaties on Extradition Between the United States of America and the Kingdom of Spain. However, Feldman did not raise these arguments in the district court, and he is therefore precluded from asserting them on appeal. *See United States v. Hernandez–Ramirez,* 254 F.3d 841, 844–45 (9th Cir.2001) (holding that whether or not "the district court erred in increasing [defendant's] criminal history score … this argument is waived because [defendant] did not challenge his criminal history score calculation in district court").

■ Feldman claims that the district court violated Federal Rule of Criminal Procedure 32 by failing to provide him with notice that, during the term of his supervised release, he would have to receive permission from the court or from his probation officer in order to leave the judicial district. We disagree. Requiring that a defendant under supervised release

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

obtain the permission of the court or of a probation officer before leaving the judicial district is a standard condition of supervised release, and is listed as such under 18 U.S.C. § 3563(b)(14), as incorporated into 18 U.S.C. § 3583(d). This obviates further notice under Rule 32 and forecloses Feldman's argument. But, even if further notice of the travel restriction had been necessary, Feldman received such notice because the restriction was referenced in the letter from the Acting Chief Probation Officer that accompanied Feldman's presentence report.

Feldman's final line of argument is that the district court abused its discretion in imposing travel restrictions as a condition of his supervised release. This Court cannot overlook the fact that Feldman was previously permitted to go to Spain while on bail awaiting trial, that he refused to return to the United States for trial—at great financial cost to his close relatives, who had committed most of their assets to secure his bail—and that the government was subsequently forced to extradite him. Nor has Feldman made this court aware of any federal administrative system in Spain with either the power or the training to provide the functions of a United States probation officer.

In light of these facts, allowing Feldman to return to Spain would effectively result in the early termination of his supervised release, a significant component of his sentence. Accordingly, the district court did not abuse its discretion in denying Feldman's motion.

AFFIRMED.