RYMER, Circuit Judge,
dissenting in part and concurring in the judgment.
I agree that resentencing is warranted but disagree that the district court’s calculation of Davis’s criminal history category should be disturbed. Davis did not object to the PSR’s calculation of Criminal History Category II; he affirmatively embraced that calculation in his sentencing memorandum; and failed to object at the sentencing hearing, despite specifically discussing his criminal history. Under these circumstances, I believe the objection is waived, not forfeited. See, e.g., United States v. Hernandez-Ramirez, 254 F.3d 841, 844-45 (9th Cir.2001) (holding defendant waived ability to contest the district court’s increasing of his criminal history score by two points under U.S.S.G. § 4Al.l(d) because he did not challenge the calculation in district court); United States v. Gaither, 245 F.3d 1064, 1069 (9th Cir.2001) (holding that defendant waived right to challenge two-level obstruction of justice enhancement where he expressly agreed with the PSR recommendation before the district court); United States v. Flores, 172 F.3d 695, 701 (9th Cir.1999) (holding that defendant waived right to challenge leader enhancement under U.S.S.G. § 3B1.1 because he “agreed to the adjustment and failed to present the issue in the district court”); United States v. Bauer, 84 F.3d 1549, 1563 (9th Cir.1996) (holding that defendant waived a challenge to the amount of marijuana attributed to him for sentencing by failing to challenge the amount attributed to him in the PSR); United States v. Visman, 919 F.2d 1390, 1393-94 (9th Cir.1990) (holding that defendant waived ability to contest the district court’s imposition of two-level obstruction of justice enhancement by telling court he concurred in the PSR’s sentencing calculations, then failing to object when asked again by the court if he had any objections).