**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-50039 |
| Plaintiff - Appellee, | D.C. No. 2:07-cr-00845-RGK-8 |
| v. | |
| MARCIO ALFONSO ARES-GARCIA, AKA Marco Alfonso Ares-Garcia, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Argued and Submitted October 5, 2010
Pasadena, California

Before: PREGERSON, D. NELSON, and IKUTA, Circuit Judges.

The district court did not err in denying Ares-Garcia's motion for an

acquittal or new trial on his conviction for conspiring to import heroin and cocaine

under 21 U.S.C. § 963. Viewing the evidence in the light most favorable to the

prosecution, *see United States v. Nevils*, 598 F.3d 1158, 1164 (9th Cir. 2010), a

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

reasonable jury could have found that Ares-Garcia delivered narcotics to a post office, that emails identified Ares-Garcia and Bazua-Soto to a drug supplier in Mexico as the couriers for the next drug shipment, and that Ares-Garcia coordinated his travel across the border with Bazua-Soto three days after those emails in accordance with a drug importation scheme. Because a reasonable jury could have found the essential elements of the crime of conspiring to import heroin and cocaine beyond a reasonable doubt, we reject Ares-Garcia's challenge to the sufficiency of the evidence. *See id.* at 1164-65. Ares-Garcia's argument that the evidence is insufficient because he was acquitted of conspiracy to possess with intent to distribute narcotics fails, because inconsistent verdicts may not be used to demonstrate the insufficiency of the evidence for the count on which the defendant was convicted, *see United States v. Powell*, 469 U.S. 57, 67 (1984) ("[Sufficiency-of-the-evidence] review should be independent of the jury's determination that evidence on another count was insufficient.").[1]

Nor did the district court err in admitting the emails identifying Ares-Garcia to the drug supplier. We review the admission of the emails for plain error because Ares-Garcia did not object to their admission on hearsay grounds, and the record

---

[1] The dissent's argument to the contrary, Dis. Op. at 1-2, has been unanimously rejected by the Supreme Court. *See Powell*, 469 U.S. at 67–68.

does not suggest that the district court knew that Ares-Garcia intended to make a hearsay objection. Even assuming that the emails could be deemed hearsay, there was no plain error in admitting them under Rule 801(d)(2) of the Federal Rules of Evidence because there was independent evidence of Ares-Garcia's involvement in the conspiracy, including Officer Machado's identification of Ares-Garcia at the Postal Annex and the fact that he and Bazua-Soto crossed the border within a few hours of each other. *See United States v. Bridgeforth*, 441 F.3d 864, 869 (9th Cir. 2006).

Finally, the district court did not abuse its broad discretion in determining that Ares-Garcia was entitled to a three-point downward adjustment to his offense level pursuant to U.S. Sentencing Guidelines Manual § 3B1.2 (2007). *See United States v. Edwards*, 595 F.3d 1004, 1014 (9th Cir. 2010) (citing *Gall v. United States*, 552 U.S. 38, 51 (2007)). Moreover, Ares-Garcia waived this argument by requesting the very three-point adjustment that he received. *United States v. Hernandez-Ramirez*, 254 F.3d 841, 844-45 (9th Cir. 2001).

**AFFIRMED.**

*United States v. Ares-Garcia*, No. 09-50039

PREGERSON, Circuit Judge, dissenting:

Ares-Garcia was charged with two counts of conspiracy. Count One alleged that he conspired to ship narcotics from a Postal Annex in Perris, California in December 2006. Count Two alleged that Ares-Garcia conspired to transport drugs from Mexico to California in May 2007. Ares-Garcia was acquitted of the conspiracy alleged in Count One and convicted of the conspiracy alleged in Count Two.

In arguing that the evidence was sufficient to convict Ares-Garcia on Count Two, the majority relies on three pieces of evidence. First, the majority cites to Ares-Garcia's alleged involvement in the December 2006 Postal Annex incident that was the basis of Count One. Second, the majority points to two emails sent by a drug trafficker in April 2007; each email mentioned Ares-Garcia's name. Third, the majority notes the fact that Ares-Garcia crossed the border into the United States on May 3, 2007, an hour after another alleged drug courier crossed. This crossing took place a few days after a date specified in a third email sent by a drug supplier.

As to the first piece of evidence, the majority argues that "a reasonable jury could have found that Ares-Garcia delivered narcotics to a post office." Maj. op. at

1

1-2. In other words, the majority claims that the jury could have used evidence relevant to Count One (the conspiracy to deliver drugs to the Postal Annex in December 2006), to determine that Ares-Garcia was guilty of Count Two (the conspiracy to transport drugs across the border in May 2007). But that argument is hard to swallow. The *only* evidence linking Ares-Garcia to the conspiracy alleged in Count One was the testimony of a police officer who claimed he saw Ares-Garcia at the Postal Annex carrying a package later determined to contain drugs. The fact that the jury acquitted Ares-Garcia of the conspiracy alleged in Count One tells us that the jury did not find the police officer's story convincing. Thus, one would not think that the jury would have relied on the officer's testimony relating to the December 2006 conspiracy alleged in Count One to conclude that Ares-Garcia was guilty of committing the May 2007 crime alleged in Count Two. The majority therefore incorrectly points to the officer's testimony concerning the Postal Annex delivery as evidence to support Ares-Garcia's conviction on Count Two.[1]

---

[1]*United States v. Powell*, 469 U.S. 57 (1984), does not control the decision in this case, contrary to the majority's assertion. *See* Maj. op. at 2. *Powell* concerned a jury that returned two *inconsistent* verdicts—specifically, Powell was acquitted of conspiracy to possess with intent to distribute and possession with intent to distribute cocaine, but was convicted of "using the telephone in 'committing and in causing and facilitating'" those two crimes. 469 U.S. at 60. In short, Powell was

(continued...)

2

Nor could a jury reasonably convict Ares-Garcia based on the emails sent by the drug trafficker. The emails contained scant information: the name "Kenneth J. Bazua" followed by a bank account number (in one of the emails), then a thick double line, and then Ares-Garcia's name. The government claimed these emails were nearly identical to other emails identifying drug couriers and the bank accounts used to pay them. But the two emails mentioning Ares-Garcia's name are different: most notably, Ares-Garcia's name is not listed with a bank account number. The government offered no other emails that linked Ares-Garcia to a bank account number. On this thin and speculative evidence, no reasonable jury would conclude beyond a reasonable doubt that Ares-Garcia was tied in to the conspiracy alleged in Count Two.

Moreover, that Ares-Garcia traveled across the border is insufficient to link

---

[1](...continued)
convicted of using a telephone to commit two crimes that the same jury had acquitted her of. The *inconsistent* verdicts put the reviewing court in the impossible position of determining which of the two verdicts reflected the jury's true conclusion, and which was the result of "mistake, compromise, or lenity." *Id.* In such a circumstance, *Powell* requires that we assess each verdict independently. *Id.* at 67.

Here, in contrast, Ares-Garcia's two verdicts are not inconsistent. Count One and Count Two involved two separate, distinct, and unrelated crimes allegedly committed months apart. Thus, unlike *Powell*, it is logically possible for Ares-Garcia to be innocent of one and guilty of the other. We therefore need not look to *Powell* to resolve the case before us. We can instead exercise common sense as to what evidence the jury looked to in reaching its conclusions.

him to a conspiracy. According to the majority, the evidence suggests that Ares-Garcia coordinated his border crossing with Kenneth Bazua, the other person mentioned in the two emails. But the two men did not cross together; they crossed separately, about an hour apart. Also, a third email (which did not mention Ares-Garcia's name) suggested that the drugs would come across the border on Monday, April 30, or Tuesday, May 1, 2007, but Ares-Garcia did not cross the border until May 3, several days later. When arrested, Ares-Garcia was not in possession of any drugs, nor did law enforcement agents ever find any drugs in connection with their investigation of the May 2007 alleged drug smuggling incident.

In short, the evidence was insufficient to allow a "rational trier of fact [to find] the essential elements of the crime [alleged in Count Two] beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). Accordingly, I would reverse the district court.