MEMORANDUM *
The district court did not err in denying Ares-Garcia’s motion for an acquittal or new trial on his conviction for conspiring to import heroin and cocaine under 21 U.S.C. § 963. Viewing the evidence in the light most favorable to the prosecution, see United States v. Nevils, 598 F.3d 1158, 1164 (9th Cir.2010), a reasonable jury could have found that Ares-Garcia delivered narcotics to a post office, that emails identified Ares-Garcia and Bazua-Soto to a drug supplier in Mexico as the couriers for the next drug shipment, and that Ares-Garcia coordinated his travel across the border with Bazua-Soto three days after those emails in accordance with a drug importation scheme. Because a reasonable jury could have found the essential elements of the crime of conspiring to import heroin and cocaine beyond a reasonable doubt, we reject Ares-Garcia’s challenge to the sufficiency of the evidence. See id. at 1164-65. Ares-Garcia’s argument that the evidence is insufficient because he was acquitted of conspiracy to possess with intent to distribute narcotics fails, because inconsistent verdicts may not be used to demonstrate the insufficiency of the evidence for the count on which the defendant was convicted, see United States v. Powell, 469 U.S. 57, 67, 105 S.Ct. 471, 83 L.Ed.2d 461 (1984) (“[Sufficiency-of-the-evidence] review should be independent of the jury’s determination that evidence on another count was insufficient.”).[1]
Nor did the district court err in admitting the emails identifying Ares-Garcia to the drug supplier. We review the admission of the emails for plain error because Ares-Garcia did not object to their admission on hearsay grounds, and the record does not suggest that the district court knew that Ares-Garcia intended to make a hearsay objection. Even assuming that the emails could be deemed hearsay, there was no plain error in admitting them under Rule 801(d)(2) of the Federal Rules of Evidence because there was independent evidence of Ares-Garcia’s involvement in the conspiracy, including Officer Machado’s identification of Ares-Garcia at the Postal Annex and the fact that he and Bazua-Soto crossed the border within a few hours of each other. See United States v. Bridgeforth, 441 F.3d 864, 869 (9th Cir.2006).
Finally, the district court did not abuse its broad discretion in determining that Ares-Garcia was entitled to a three-point downward adjustment to his offense level pursuant to U.S. Sentencing Guidelines Manual § 3B1.2 (2007). See United States v. Edwards, 595 F.3d 1004, 1014 (9th Cir.2010) (citing Gall v. United States, 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007)). Moreover, Ares-Garcia waived this argument by requesting the very three-point adjustment that he received. United States v. Hernandez-Ramirez, 254 F.3d 841, 844-45 (9th Cir.2001).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. The dissent's argument to the contrary, Dis. Op. at 708-09, has been unanimously rejected by the Supreme Court. See Powell, 469 U.S. at 67-68, 105 S.Ct. 471.