FILED

APR 27 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-30067 |
| Plaintiff - Appellee, | D.C. No. 1:10-cr-00003-JDS-1 |
| v. | |
| RICHARD BRUCE SANDERS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Jack D. Shanstrom, Senior District Judge, Presiding

Argued and Submitted March 6, 2012
Portland, Oregon

Before: W. FLETCHER, FISHER and BYBEE, Circuit Judges.

Richard Sanders appeals the district court's denial of his motion to suppress

evidence and the district court's sentencing determination. We have jurisdiction

under 28 U.S.C. § 1291, and we affirm.

---

[*]This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

**1.** The district court did not err in denying Sanders's motion to suppress evidence of guns found at his residence during the execution of the search warrant. *See United States v. Battershell*, 457 F.3d 1048, 1050 (9th Cir. 2006) (reviewing denial of a motion to suppress evidence de novo). The search warrant was based on Morgan Kamelin's in-person tip about events that she witnessed. In addition to relying on Kamelin's status as a citizen informant lacking any apparent motive to lie, Deputy Shawn Lesnik verified her tip by testing her memory of the earlier assault against his own. The totality of the circumstances thus provided both sufficient reliability and a basis of knowledge to support "a fair probability" that Sanders had engaged in witness tampering. *See United States v. Garcia-Villalba*, 585 F.3d 1223, 1233 (9th Cir. 2009) ("Probable cause means only a fair probability, not certainty, and requires consideration of the totality of the circumstances.") (internal quotation marks omitted); *see also Illinois v. Gates*, 462 U.S. 213, 238 (1983); *United States v. Bishop*, 264 F.3d 919, 924-25 (9th Cir. 2001).

**2.** The district court did not err in applying an obstruction of justice enhancement pursuant to U.S. SENTENCING COURT GUIDELINES MANUAL (U.S.S.G.) § 3C1.1 and denying an acceptance of responsibility reduction pursuant to U.S.S.G. § 3E1.1. *See United States v. Tucker*, 641 F.3d 1110, 1123 (9th Cir.

2

2011) ("We review the district court's interpretation of the Sentencing Guidelines de novo, the district court's application of the Guidelines to the facts for abuse of discretion, and the district court's factual findings for clear error.") (internal quotation marks omitted).

**a.** Obstruction of Justice. This enhancement includes "providing a materially false statement to a law enforcement officer that significantly obstructed or impeded the official investigation or prosecution of the instant offense." U.S.S.G. § 3C1.1 cmt. n.4(G); *see also United States v. Hernandez-Ramirez*, 254 F.3d 841, 843-44 (9th Cir. 2001) (qualifying conduct may include submitting a false or misleading affidavit). Sanders submitted a misleading affidavit for his son in a related civil forfeiture proceeding representing that Sanders did not possess some of the guns for which he was charged. This conduct was material because, if believed, it "would tend to influence or affect the issue under determination." *United States v. Allen*, 341 F.3d 870, 897 (9th Cir. 2003) (internal quotation marks omitted). It was also disruptive. At sentencing an Alcohol Tobacco and Firearms agent testified that the affidavit significantly delayed the investigation of Sanders's crime. Finally, Sanders's narrow construction of U.S.S.G. § 3C1.1 as applying only to affidavits introduced in the instant proceeding is at odds with the Sentencing Guidelines. *See e.g.*, U.S.S.G. § 3C1.1 cmt. n.4(B) (containing a non

3

exhaustive list of examples of the types of conduct to which the enhancement applies, including "committing, suborning, or attempting to suborn perjury, including during the course of a civil proceeding if such perjury pertains to conduct that forms the basis of the offense of conviction").

**b.** Acceptance of Responsibility. Given Sanders's obstruction of justice, the district court did not err in denying him an acceptance of responsibility adjustment. "Conduct resulting in an enhancement under § 3C1.1 (Obstructing or Impeding the Administration of Justice) ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct." U.S.S.G. § 3E1.1 cmt. n.4; *see also United States v. Magana-Guerrero*, 80 F.3d 398, 401 (9th Cir. 1996) (reasoning that two defendants' obstruction of justice enhancement "goes a long way toward disposing of their arguments that the district court erred in deciding that they failed to accept responsibility"). Moreover, at trial Sanders contested that he was in possession of five of the firearms found in his residence. *See* U.S.S.G. § 3E1.1 cmt. n.2 (to gain acceptance of responsibility after going to trial a defendant normally must show that he was "preserv[ing] issues that do not relate to factual guilt").

**3.** The district court did not err in relying on testimony of Sanders's neighbors to decide where in the range of 63 to 78 months to sentence Sanders.

4

*See* U.S.S.G. § 1B1.4 ("In determining the sentence to impose within the guideline range . . . the court may consider, without limitation, any information concerning the background, character and conduct of the defendant, unless otherwise prohibited by law.").

**AFFIRMED.**