**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50519 |
| Plaintiff - Appellee, | D.C. No. 2:13-cr-00359-SVW-1 |
| v. | MEMORANDUM[*] |
| LEONEL AVILA-PEREZ, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Stephen Wilson, District Judge, Presiding

Submitted November 20, 2014[**]
Pasadena, California

Before: SCHROEDER and NGUYEN, Circuit Judges, and ZOUHARY,[***]
District Judge.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Jack Zouhary, United States District Judge, Northern District of Ohio, sitting by designation.

Defendant-Appellant Leonel Avila-Perez ("Avila-Perez") appeals the district court's rejection of his Federal Rule of Criminal Procedure 11(c)(1)(C) sentence bargain. He also appeals his 36-month sentence for illegal reentry in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and now affirm.

1.  Because the district court provided specific reasons, rooted in the circumstances of this case, for rejecting the sentence bargain, it did not abuse its discretion. *See In re Morgan*, 506 F.3d 705, 711–12 (9th Cir. 2007). The district court did not plainly err in its statements made pursuant to Federal Rule of Criminal Procedure 11(c)(5)(B), and Avila -Perez fails to show that any error under Federal Rule of Criminal Procedure 11(c)(5)(C) affected his substantial rights. *See United States v. Borowy*, 595 F.3d 1045, 1049–50 (9th Cir. 2010).

2.  Avila-Perez waived his fact-bound objection to the district court's application of U.S.S.G. § 4A1.1(d), to which he agreed during sentencing. *See United States v. Hernandez-Ramirez*, 254 F.3d 841, 845 (9th Cir. 2001). The district court sufficiently explained the below-Guidelines-range sentence it imposed. *See United States v. Sandoval-Orellana*, 714 F.3d 1174, 1180–81 (9th Cir. 2013). Assuming plain error, Avila-Perez fails to show the Government's silence at sentencing affected his substantial rights. *See United States v. Waknine*, 543 F.3d 546, 552–53 (9th Cir. 2008).

**AFFIRMED.**