[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-12109
Non-Argument Calendar
_____

D.C. Docket No. 4:13-cr-00121-BAE-GRS-7


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WENDELL BRANTLEY,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(January 2, 2015)

Before TJOFLAT, MARTIN and ANDERSON , Circuit Judges.

PER CURIAM:

Wendell Brantley pled guilty to two counts of a multi-count superseding indictment: Count One, charging him with conspiring, in violation of 18 U.S.C. § 371, to commit, among other offenses, dealing in firearms without a federal license, possess untaxed cigarettes, transport stolen vehicles, and launder money; Count Three, alleging that Brantley engaged in the business of dealing in firearms without a license, in violation of  18 U.S.C. § 922(a)(1)(A).  Prior to sentencing, the District Court's Probation Office submitted to the parties and the court a presentence report prescribing a Guidelines sentence range of 51 to 63 months incarceration.[1]  At sentencing, the District Court sentenced Brantley to consecutive prison sentences of 60 months on Count One and 23 months on Count Three, an upward variance of 23 months.  Brantley now appeals his sentences as procedurally and substantively unreasonable.  His sentences are procedurally unreasonable, he says, because the court erred in applying a two-level obstruction-of-justice enhancement under U.S.S.G. § 3C1.1 for making false financial statements in a Financial Affidavit to obtain appointed counsel.  They are substantively unreasonable because the court failed to consider evidence of his employment and income and placed undue weight on his criminal history.  We affirm.

---

[1]  The Probation Office grouped the two counts pursuant to U.S.S.G. § 3D1.2(b).  The Guidelines ranges for the Count One conspiracy offense and the Count Three underlying substantive offense were the same, 51 to 63 months, based on an adjusted total offense level of 23 and a criminal history category of II.

## I.

In considering whether the District Court erred in enhancing Brantley's offense level under U.S.S.G. § 3C1.1, we review the court's findings of fact underpinning the enhancement for clear error and its application of the facts to § 3C1.1 *de novo*. *United States v. Doe*, 661 F.3d 550, 565 (11th Cir. 2011). Findings of fact are clearly erroneous when, after reviewing all of the evidence, we are "left with the definite and firm conviction that a mistake has been committed." *United States v. Philidor*, 717 F.3d 883, 885 (11th Cir. 2013).

Section 3C1.1 authorized the District Court to increase Brantley's offense level by two levels if:

> (1) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and (2) the obstructive conduct related to (A) the defendant's offense of conviction and any relevant conduct; or (B) a closely related offense.

U.S.S.G. § 3C1.1.  An example of obstruction of justice under § 3C1.1 is "providing materially false information to a probation officer in respect to a presentence or other investigation for the court."  *Id.* § 3C1.1, comment. (n.4(H)). Information is "material" when, "if believed, [it] would tend to influence or affect the issue under determination."  *Id.* § 3C1.1, comment. (n.6).

Financial information used to obtain appointed counsel is "material" under § 3C1.1 because the "subject matter" of the information, a defendant's legal

3

representation, involves the potential prosecution of a crime. *United States v. Ruff*, 79 F.3d 123, 125 (11th Cir. 1996). In *Ruff*, the defendant appeared before a Magistrate Judge to request the appointment of counsel. *Id.* at 124. After being warned that his sworn statements were subject to the penalties of perjury, the defendant stated that he had no bank accounts or safe deposit boxes, and counsel was appointed. *Id.* In fact, the defendant and his father had three safe deposit boxes, which together contained over $37,000. *Id.* We concluded that the court properly applied the obstruction-of-justice enhancement because the defendant deliberately provided false material statements to a magistrate judge. *Id.* at 126.

The question for us is whether the District Court clearly erred in applying the two-level obstruction-of-justice enhancement under U.S.S.G. § 3C1.1. Here is what the District Court had before it. In June 2013, Brantley filed a Financial Affidavit in Support of Request for Attorney Services and reported a household monthly income of $5,000 (his income of $2,000 and his wife's of $3,000) and property (two automobiles) worth $10,000. In November 2013, in the presence of appointed counsel, he reported that his wife earned $6,000 a month, and that prior to his arrest, he earned $3,500 to $4,000 a month. In January 2014, Brantley's wife told the Probation Office that she earned $7,366 per month and that Brantley, prior to his arrest, made $2,000 to $3,000 per month.

4

In February 2014, court-appointed counsel moved the court to withdraw due to Brantley's claim that counsel was rendering ineffective assistance. The motion was granted, and in March 2014, Brantley hired two attorneys to represent him.

In applying the § 3C1.1 enhancement, the District Court rejected Brantley's statements that his inaccuracies in reporting his income were the result of a mistake and found that Brantley willfully misstated his financial condition in his affidavit of June 2013. The record fully supports the court's finding. Thus, his sentences do not suffer procedural error.

II.

We review the substantive reasonableness of a sentence in light of the totality of the circumstances, under a deferential abuse-of-discretion standard of review, *Gall v. United States*, 552 U.S. 38, 41, 51, 128 S.Ct. 586, 591, 597, 169 L.Ed.2d 445 (2007). We do this after ensuring, as we have here, that the District Court committed no significant procedural error, such as improperly calculating the guideline range or inadequately explaining the chosen sentence. *Id.* at 51, 128 S.Ct. at 597. *Id.*

The District Court was required to impose a sentence "sufficient, but not greater than necessary, to comply with the purposes" listed in § 3553(a)(2). 18 U.S.C. § 3553(a). These purposes include the need to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense,

5

to deter criminal conduct, and to protect the public from the defendant's further crimes. *Id.* § 3553(a)(2). The court was also required to consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the guideline range, the Sentencing Commission's pertinent policy statements, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. *Id.* § 3553(a)(1), (3)-(7).

The weight given to any specific § 3553(a) factor is committed to the court's sound discretion. *United States v. Amedeo*, 487 F.3d 823, 832 (11th Cir. 2007). A court can abuse its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors. *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*). A court commits a clear error of judgment when it considers the proper factors but balances them unreasonably. *Id.*

When a court decides that a sentence outside the Guideline range is warranted, it must ensure that there is a sufficiently compelling justification to support the degree of variance. *Gall*, 552 U.S. at 50, 128 S.Ct. at 597. The court may consider relevant facts concerning a defendant's background, character, and conduct when imposing a reasonable sentence. *See United States v. Faust*, 456 F.3d 1342, 1348 (11th Cir. 2006) (holding that a court may consider relevant

6

acquitted conduct when sentencing, so long as the underlying facts are proved by the preponderance of the evidence).  When imposing a variance based on the § 3553(a) factors, a court may consider conduct already accounted for in the calculation of the Guidelines sentence range.  *Amedeo*, 487 F.3d at 833-34.  A court does not abuse its discretion by imposing an upward variance when a defendant's criminal history category fails to adequately address his prior criminal record.  *See United States v. Shaw*, 560 F.3d 1230, 1240-41 (11th Cir. 2009) (holding that an upward variance of 83 months was reasonable when a defendant had one-and-a-half times the number of points needed to fall within criminal history category VI).  A court may also apply an upward departure based on the inadequacy of a defendant's criminal history category.  U.S.S.G. § 4A1.3(a)(1).  It may reach the same result, a higher sentence, by varying upward under § 3553(a). *See Shaw*, 560 F.3d at 1240 (comparing the upward variance in Shaw to upward departures and upward variances in other cases we have decided).

We give due deference to the court's decision that the § 3553(a) factors, as a whole, justify the variance.  *Gall*, 552 U.S. at 51, 128 S.Ct. at 597.  Furthermore, the fact that a sentence is imposed well below the statutory maximum penalty indicates its reasonableness.  *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008) (holding that a sentence was reasonable in part because it was well below a statutory maximum).  We may vacate a sentence because of a variance

only if we have "the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Shaw*, 560 F.3d at 1238 (citation omitted).

Brantley's total prison sentence of 86 months is substantively reasonable. The District Court properly weighed and considered the § 3553(a) factors, and imposed a sentence that was supported by the record and met the goals encompassed within § 3553(a). Although the court imposed a variance of 23 months above the Guidelines range, it did so only after concluding that a total sentence within that range would not adequately account for Brantley's prior criminal history. In sum, we find no substantive unreasonableness in Brantley's total sentence.

AFFIRMED.