[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-15180
Non-Argument Calendar
_____

D.C. Docket No. 4:17-cr-00049-WTM-GRS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

THOM LUU,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(August 10, 2018)

Before TJOFLAT, WILLIAM PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Thom Luu appeals his 27-month sentence, imposed after pleading guilty to possession of marijuana with intent to distribute.  He argues the District Court clearly erred in enhancing his sentence for obstruction of justice, pursuant to U.S.S.G. § 3C1.1, based on his failure to disclose his interests in real property on his financial affidavit seeking appointment of counsel that he submitted to a Magistrate Judge.  He argues that his failure to disclose the properties was not willful but was instead due to forgetfulness and lack of knowledge.

When reviewing the imposition of an enhancement for obstruction of justice, we review the court's factual findings for clear error and its application of the factual findings to the sentencing guidelines *de novo*.  *United States v. Doe*, 661 F.3d 550, 565 (11th Cir. 2011).  To support a finding of clear error, we must be left with a "definite and firm conviction that a mistake has been committed" by the finding of the district court.  *United States v. Rothenberg*, 610 F.3d 621, 624 (11th Cir. 2010) (quotation marks omitted).  A factual finding cannot be clearly erroneous when the factfinder is choosing between two plausible views of the evidence.  *United States v. Saingerard*, 621 F.3d 1341, 1343 (11th Cir. 2010).

When the government seeks to apply a sentencing enhancement over a defendant's factual objection, it has the burden of proving the facts by a preponderance of the evidence.  *United States v. Washington*, 714 F.3d 1358, 1361 (11th Cir. 2013).  Even so, the sentencing court may make factual findings based

on undisputed statements in the presentence report. *United States v. Hamilton*, 715 F.3d 328, 339 (11th Cir. 2013).

A two-level obstruction-of-justice enhancement is warranted if the defendant willfully obstructed or impeded the investigation, prosecution, or sentencing of the instant offense and the obstructive conduct related either to the defendant's offense and related conduct or to a closely related offense. U.S.S.G. § 3C1.1. Examples of covered conduct include providing materially false information to a magistrate judge and to a probation officer in respect to a presentence investigation for the court. *Id.* § 3C1.1, comment. (n.4(F), (H)). The Guidelines also advise courts to consider when false statements may be the result of confusion, mistake, or faulty memory, and that not all inaccurate statements reflect a willful attempt to obstruct justice. *Id.* § 3C1.1, comment. (n.2). It is well-established in this Circuit that false statements made during a pretrial hearing to a judge or magistrate judge are material where they lead to the appointment of counsel, when such appointment is the issue under consideration at the hearing. *United States v. Ruff*, 79 F.3d 123, 126 (11th Cir. 1996); *United States v. Hitt*, 164 F.3d 1370, 1371 (11th Cir. 1999).

Here, the District Court did not clearly err in enhancing Luu's sentence for obstruction of justice. The Court relied on the undisputed facts in the presentence report that Luu lied to law enforcement officials on multiple occasions in the past to establish that he had a history of making false statements to authorities. In light

3

of this history of false statements, the Court found that Luu concealed his ownership interests in more than $300,000 of real estate property he had held since 2004 out of dishonesty rather than forgetfulness and lack of knowledge.  This was a plausible reading of the evidence.  Accordingly, we cannot conclude that the District Court clearly erred.  *Saingerard*, 621 F.3d at 1343.

**AFFIRMED.**

4