**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    18-30135 |
| Plaintiff-Appellee, | D.C. No. 3:16-cr-00065-TMB-1 |
| v. | |
| GREGORY TODD NUMANN, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Alaska
Timothy M. Burgess, District Judge, Presiding

Submitted August 7, 2019**
Anchorage, Alaska

Before:  TALLMAN, IKUTA, and N.R. SMITH, Circuit Judges.

Gregory Todd Numann appeals his 240-month term of imprisonment.  We

have jurisdiction under 18 U.S.C. § 3742, and we affirm.

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

1.     Numann argues that the district court erroneously applied a two-level enhancement for obstruction of justice pursuant to United States Sentencing Guidelines Manual ("U.S.S.G.") § 3C1.1 when it sentenced him.  Assuming without deciding that this enhancement was improperly applied,[1] the error was harmless.  When it sentenced Numann, the district court expressly "acknowledge[d] that the correct Guidelines range [was] in dispute and perform[ed] [its] sentencing analysis twice, beginning with both the correct and incorrect range," *United States v. Munoz-Camarena*, 631 F.3d 1028, 1030 n.5 (9th Cir. 2011) (per curiam), and specifically stated that it had determined that a 240-month sentence was appropriate under either Guidelines range.[2]

2.     Numann argues that the district court drew an adverse inference and increased his sentence because Numann failed to provide the password to one of

---

[1] At least one Ninth Circuit panel has found that obstructive conduct must be "part of the instant offense of conviction" to qualify as obstruction under U.S.S.G. § 3C1.1.  *United States v. Williams*, 693 F.3d 1067, 1076 (9th Cir. 2012). However, other panels have held that there is no "requirement that the obstructive conduct relate substantively to the offense of which the defendant is convicted." *United States v. Hernandez-Ramirez*, 254 F.3d 841, 844 (9th Cir. 2001); *United States v. Verdin*, 243 F.3d 1174, 1180 (9th Cir. 2001).  We decline to resolve this inconsistency here.

[2] The sentence that Numann received was below the Guidelines range for his offense with (324 to 360-months) or without (262-327 months) the obstruction of justice enhancement applied.

the computers (the "Apple laptop") that law enforcement seized when they searched Numann's home. Though the district court stated more than once during the sentencing hearing that Numann would not be punished for his failure to provide that password, the district court *also* stated that Numann's decision to withhold the password prevented it from determining the level of risk that Numann would pose to the public in the future. As the district court's remarks seem to suggest that this "missing piece" prevented it from considering all of the factors referenced by 18 U.S.C. § 3553(a), and thereby prevented it from considering a lesser punishment or shorter sentence, we find that an adverse inference was drawn.

However, even assuming that the adverse inference was improper,[3] any error was harmless. The adverse inference was discussed by the district court in connection with the court's assessment of Numann's risk of re-offending, and the degree to which the court would need to protect the public against such a possibility in the future. *See* 18 U.S.C. § 3553(a). Based on the evidence before it, the district court found that Numann posed a significant risk to the public, and that

[3] The government argues (for the first time on appeal) that no impermissible adverse inference was drawn because Numann's failure to provide the password to the Apple laptop was not protected by the Fifth Amendment. We decline to consider this argument, because it was not raised before the district court. *Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

a lengthy term of imprisonment was required as a result. Though Numann's password-related conduct is mentioned, the district court noted that its conclusion was supported by other facts in the record before it, namely: (1) the serious nature of the present offense; (2) Numann's admitted past sexual abuse of his daughter; (3) Numann's manipulation of his daughter after the sexual abuse came to light during the investigation into the present offense; and (4) Numann's inability (or unwillingness) to grasp the severity of his criminal conduct. Numann did not dispute any of those facts below, nor has he sought to challenge them on appeal. Based on these undisputed facts, and because Numann has not identified any evidence in the record that persuades us that a lesser sentence would have been imposed but for this inference, any error was harmless. *United States v. Ali*, 620 F.3d 1062, 1074 (9th Cir. 2010).

      **AFFIRMED.**